**Lourdes NAVARRO, Petitioner,**

v.

**Peter D. KEISLER,\* Attorney General, Respondent.**

No. 07–72098.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 1, 2007.\*\*

Filed Oct. 10, 2007.

Lourdes Navarro, San Jacinto, CA, for pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security. San Francisco, CA, U.S. Department of Justice, Civil Division, Washington, D.C., for Respondent.

---

\* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

Before: B. FLETCHER, BERZON and IKUTA, Circuit Judges.

## MEMORANDUM ***

This is a petition for review from the denial of petitioner's motion to reopen removal proceedings.

Petitioner's motion to proceed in forma pauperis is granted. The Clerk shall amend the docket to reflect this status.

The Board of Immigration Appeals ("BIA") did not abuse its discretion in denying petitioner's motion to reopen as untimely because the motion was filed more than one year late, and did not meet any of the regulatory exceptions. *See* 8 C.F.R. § 1003.2(c)(2), (3); *Lara–Torres v. Ashcroft*, 383 F.3d 968, 972 (9th Cir.2004) (BIA's denial of motion to reopen is reviewed for abuse of discretion).

Accordingly, respondent's motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument. *See United States v. Hooton*, 693 F.2d 857, 858 (9th Cir.1982) (per curiam).

To the extent petitioner challenges the decision of the BIA not to reopen proceedings under its sua sponte authority, this court lacks jurisdiction to review that claim. *See Ekimian v. INS*, 303 F.3d 1153, 1159 (9th Cir.2002). Accordingly, we dismiss that claim for lack of jurisdiction.

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

